# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 22 DM, LP, a California limited partnership, and SCOTT JACOBY, as trustee of the CAMINO CIELO TRUST u/t/d 2022,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>JOHNNY KAN, and DOES 1 through 20, inclusive,<br><br>　　　　Defendant. | No.  2:22-cv-00754-MCE-DB<br><br>**ORDER** |

Plaintiffs filed this unlawful detainer action in the Placer County Superior Court, after which Defendant removed it here ostensibly pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332.  Presently before the Court is Plaintiffs' Motion to Remand.  ECF No. 3.  For the reasons set forth below, Plaintiffs' Motion is GRANTED.[1]

A defendant may remove any civil action from state court to federal district court if the district court has original jurisdiction over the matter.  28 U.S.C. § 1441(a).  "The party invoking the removal statute bears the burden of establishing federal jurisdiction." Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988) (citing Williams v.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1

1  Caterpillar Tractor Co., 786 F.2d 928, 940 (9th Cir. 1986)).  Courts "strictly construe the

2  removal statute against removal jurisdiction."  Gaus v. Miles, Inc., 980 F.2d 564, 566

3  (9th Cir. 1992) (internal citations omitted).  "[I]f there is any doubt as to the right of

4  removal in the first instance," the motion for remand must be granted.  Id.  Therefore, "[i]f

5  at any time before final judgment it appears that the district court lacks subject matter

6  jurisdiction, the case shall be remanded" to state court.  28 U.S.C. § 1447(c).

7       Here, Defendant bases federal jurisdiction on diversity of citizenship, which

8  requires, in part, that the amount in controversy exceeds $75,000.  See 28 U.S.C.

9  § 1332(a).  In his Notice of Removal, Defendant simply states that this requirement is

10  met.  Not. Removal, ECF No. 1, at 3.  However, there is evidence to the contrary.  First,

11  by way of their operative state court complaint, Plaintiffs seek no more than $25,000 in

12  damages.  See Ex. C, Bernstein Decl., ECF No. 3-2, at 14.  Moreover, because unlawful

13  detainer actions contest the right to possession of the property, not title to the property,

14  the actual amount in controversy here is comprised primarily of holdover damages.  See

15  id. at 28 (seeking damages at a rate of $150 per day "from and after March 28, 2022 for

16  each day Defendants continue in possession of the Property"); Fed. Nat'l Mortg. Ass'n v.

17  Lofton, No. C 11-03697 LB, 2011 WL 3739547, at *3 (N.D. Cal. Aug. 24, 2011).  As

18  such, the amount in controversy requirement has not been met in this case.

19       Even if Defendant was correct as to the amount in controversy, which he is not,

20  Plaintiffs' operative complaint shows plainly on its face that it is nothing more than a

21  simple unlawful detainer action.  This Court has no jurisdiction over such actions, which

22  are solely within the province of the state court.[2]  See Cal. Civ. Proc. Code § 1179a.

23       Lastly, Plaintiffs seek an award of $4,400 for all reasonable costs, expenses, and

24  attorney's fees incurred as a result of removal.  Pls.' Opp'n Mot. Remand, ECF No. 3-1,

25  at 7; see Bernstein Decl., ECF No. 3-2 ¶ 7 (providing that counsel spent ten hours

---

[2] Defendant also filed an Ex Parte Motion to Stay Plaintiffs' Motion to Remand pending adjudication on a motion for consolidation filed by Defendant in another case.  ECF No. 9; see Kan v. Verdera Comm. Ass'n, 2:22-cv-00348-KJM-JDP.  However, that motion was denied on June 21, 2022.  See ECF No. 14, id.  As a result, Defendant's Ex Parte Motion to Stay is DENIED as moot.

1  "drafting the notice, motion, and preparing the supporting documents" at a billing rate of
2  $400 per hour).  If the district court determines that removal was improper, then the court
3  may award the plaintiff those costs and fees accrued in response to the defendant's
4  removal.  28 U.S.C. § 1447(c).  The court has broad discretion to award costs and fees
5  whenever it finds that removal was wrong as a matter of law.  Balcorta v. Twentieth
6  Century-Fox Film Corp., 208 F.3d 1102, 1106 n.6 (9th Cir. 2000).  Here, no objectively
7  reasonable basis for seeking removal exists here.  The flaws in Defendant's removal
8  petition were obvious, as evidenced by the above disposition.  An award of fees and
9  costs is thus justified.
10         For the foregoing reasons, Plaintiffs' Motion to Remand, ECF No. 3, is
11 GRANTED.  Defendant's Ex Parte Motion to Stay, ECF No. 9, is DENIED as moot.
12 Plaintiffs are awarded $4,400 in attorneys' fees incurred in prosecuting the instant
13 Motion.  The Clerk of Court is directed to remand this case to the Superior Court of
14 California, County of Placer, and to close this case.
15         IT IS SO ORDERED.
16 Dated:  July 12, 2022

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE